UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELVIS ALEXANDER GONZALEZ
VASQUEZ,

      Petitioner,

    v.                       Case No.:  2:26-cv-00665-SPC-DNF

WARDEN/OFFICER IN CHARGE,
EVERGLADES DETENTION
FACILITY *et al.*,

      Respondents,

## **OPINION AND ORDER**

Before the Court are Elvis Alexander Gonzalez Vasquez's Petition for Writ of Habeas Corpus (Doc. 5), the government's response (Doc. 8), and Gonzalez Vasquez's reply (Doc. 10).  For the below reasons, the Court grants the petition.

Gonzalez Vasquez is a native and citizen of El Salvador who entered the United States June 1, 2010.  Border Patrol apprehended him, processed him under 8 U.S.C. § 1229, and released him to his family.  The removal proceeding was administratively closed on November 25, 2014.  In 2022, Gonzalez Vasquez applied for U nonimmigrant status, advance permission to enter as nonimmigrant, and employment authorization.  He has no history of criminal convictions.  Immigration and Customs Enforcement re-detained Gonzalez

Vasquez on March 4, 2026, and issued a new notice to appear. Gonzalez Vasquez is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gonzalez Vasquez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Gonzalez Vasquez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

2

and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Gonzalez Vasquez's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Gonzalez Vasquez has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Gonzalez Vasquez before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Gonzalez Vasquez's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Gonzalez Vasquez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Gonzalez Vasquez receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby **ORDERED**:

Elvis Alexander Gonzalez Vasquez's Petition for Writ of Habeas Corpus (Doc. 5) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Gonzalez Vasquez for an individualized bond hearing before an immigration judge or (2) release Gonzalez Vasquez under reasonable conditions of supervision. If the respondents release Gonzalez Vasquez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record

4